**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) NORTH STAR MUTUAL INSURANCE COMPANY, Inc., a Minnesota corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 18-cv-00036-JED-JFJ<br>) |
| (1) CARLAND PROPERTIES, LLC, a limited liability company,<br>(2) CARLAND GROUP, LLC, a limited liability company,<br>(3) CHEROKEE MEADOWS, LP, a limited partnership,<br>(4) REDBUD CONTRACTORS, LLC, a limited liability company,<br>(5) BLACKLEDGE & ASSOCIATES, a private Oklahoma Company,<br>(6) DELLA SHAW, an individual,<br>(7) SHERLYNE TURNER, an individual,<br>(8) BERTHA JOHNSON, an individual,<br>(9) MARY RAND, an individual,<br>10) CRAFTON, TULL & ASSOCIATES, INC., an Arkansas corporation. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW North Star Mutual Insurance Company, Inc. ("North Star"), Plaintiff herein, and, pursuant to 28 U.S.C. § 2201, brings its Complaint seeking a judgment of this Court declaring North Star's rights and obligations under a policy of insurance which it issued to Defendant Carland Properties, LLC, as its named insured, in relation to claims brought by

1

Defendants Della Shaw, Sherlyne Turner, Bertha Johnson, and Mary Rand in a lawsuit currently pending in this Court. In support, North Star does allege and state as follows:

### I.   JURISDICTION

1. Plaintiff North Star is a corporation organized and existing under the laws of the State of Minnesota, and having its principal place of business within the State of Minnesota, and is therefore a citizen of the State of Minnesota.

2. Defendant Carland Properties, LLC, is a limited liability company, organized and operating under the laws of the State of Oklahoma, and having its principle place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

3. Defendant Carland Group, LLC, is a limited liability company, organized and operating under the laws of the State of Oklahoma, and having its principle place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

4. Defendant Cherokee Meadows, LP, is an Oklahoma Limited Partnership, and is deemed a citizen of the State of Oklahoma.

5. Defendant Redbud Contractors, LLC, is a limited liability company and is organized and operating under the laws of the State of Oklahoma; it allegedly acted as the general contractor of the Cherokee Meadows project; it has its principle place of business within the State of Oklahoma and is therefore a citizen of the State of Oklahoma.

6. Defendant Blackledge & Associates is a private Oklahoma company; it allegedly provided architectural and design services for the Cherokee Meadows Project; it is deemed a citizen of the State of Oklahoma.

7. Defendant Della Shaw is an individual citizen of the State of Oklahoma.

8. Defendant Sherlyne Turner is an individual citizen of the State of Oklahoma

9. Defendant Bertha Johnson is an individual citizen of the State of Oklahoma

10. Defendant Mary Rand is an individual citizen of the State of Oklahoma.

11. Defendant Crafton, Tull & Associates, Inc., is a corporation organized under the laws of the State of Arkansas, doing business in Oklahoma, and is therefore a citizen of Arkansas.

12. The controversy in this lawsuit concerns the claims of Defendants Della Shaw, Sherlyne Turner, Bertha Johnson, and Mary Rand for damages (and other relief) in excess of $75,000.00, exclusive of interest and costs, from Carland Properties, LLC (and others), in certain litigation styled as follows: *Shaw, et al., v. Carland Group, LLC, et al.*, Case No. 17-CIV-610-GKF-JFJ, District Court for the Northern District of Oklahoma (hereinafter "*Carland II*").

13. By reason of the diversity of citizenship of the parties to the lawsuit and the sufficiency of the amount in controversy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a).

## II.   VENUE

14. This lawsuit concerns the coverage afforded to Carland Properties, LLC, under that certain policy of insurance issued to it by North Star in relation to its business activities conducted in Tulsa County, Oklahoma, the county in which the events giving rise to the litigation matters referenced above are alleged to have occurred, which is within the Northern District of Oklahoma. As a result, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

## III.   FACTS

15. The present declaratory judgment action concerns a commercial general liability insurance policy issued by North Star to Carland Properties, LLC, with a policy Number of CG80401,

3

and a current policy period of September 30, 2017 through September 30, 2018, and subject to the conditions and terms of the policy as set forth therein. A true and correct copy of the policy is attached hereto as Exhibit 1.

16. The underlying lawsuit (*Carland II*) brought against Carland Properties, LLC (and others) concerning the development of certain properties known as the "Cherokee Meadows" project, located in Tulsa, Oklahoma.

17. The Complaint filed in *Carland II* is attached hereto as Exhibit 2.

18. In general, the plaintiffs in *Carland II* allege that Carland Properties, LLC, and others were responsible for installing "integral curbing" consisting of a 12" tall barrier curb across the driveway entrances and between the private street and the garages of each living unit, and that this curbing was not in conformity with the proposed redevelopment plans and constituted a violation, default and breach of the contracts.

19. The lawsuit also question whether the curb design violates the Fair Housing Amendments Act, the Uniform Federal Accessibility Standards, the Americans with Disabilities Act, and the Rehabilitation Act.

20. In *Carland II*, Defendants Shaw, Turner, Johnson and Rand have alleged that they are residents of the units located at the Cherokee Meadows apartments; they pursue claims against Carland Properties, LLC, and others, based on their alleged "third-party beneficiary" status of the "contracts and assurances made by the Defendants" in that matter.

21. In *Carland II,* Defendants Shaw, Turner, Johnson and Rand seek "to correct the inaccessible conditions created by the Defendants' acts, completion of promised amenities, a grant of declaratory and equitable relief, and an award of damages."

22. Defendants Shaw, Turner, Johnson and Rand further allege that the *Carland II* defendants "designed, constructed, and now maintain subsidized housing project that does not comply with the design and construction standards" of the Fair Housing Amendments Act, the ADA, the Rehabilitation Act, and the Uniform Federal Accessibility Standards.

23. In *Carland II*, Defendants Shaw, Turner, Johnson and Rand allege that Carland Properties, LLC is the "management company responsible for operations at the Cherokee Meadows site."

24. Defendants Shaw, Turner, Johnson and Rand have pursued various claims in the *Carland II* litigation, including violation of the Fair Housing Act, the Rehabilitation Act, the American with Disabilities Act, and breach of contract.

25. Certain of the *Carland II* plaintiffs allege they suffered injuries related to the design of the curbing (from falling), and also have fear and embarrassment related to the same issues. One plaintiff alleges she suffered discrimination because of her disabilities and faced late fees and possible eviction after complaining of "accessibility problems."

26. Defendants Shaw, Turner, Johnson and Rand request various forms of relief in *Carland II*: (1) declaratory judgment that the defendants' actions violate the FHA, the ADA and the Rehabilitation Act; (2) permanent injunction requiring defendants to provide disabled individuals "equal access to the benefits of the facilities"; (3) order the defendants to develop and implement a remedial plan; (4) retain jurisdiction to implement the decree; (5) attorneys fees/costs; and (6) "damages."

27. Defendant Carland Properties, Inc., has requested that North Star defend and indemnify it for all matters related to *Carland II*.

28. As a result, Plaintiff North Star has elected to defend Carland Properties, Inc., in *Carland II*, but has also brought the present action seeking a declaration that it, in fact, has no duty to defend and indemnify Carland Properties, Inc., for the following reasons:

   a. With respect to Coverage A (Bodily Injury and Property Damage Liability), there is no "property damage" as that term is defined in the policy. Shaw, Turner, Johnson, and Rand are not owners of any relevant property and therefore do not seek damages for "property" damage, as that term is defined by the policy.

   b. Any alleged property damages or bodily injury damages were not caused by an "occurrence" as that term is defined in the policy. A CGL policy does not cover damages for breach of contract. Further, the plaintiffs in *Carland II* do not allege that Carland Properties, Inc., – in its capacity as a management company – committed any particular act that could be deemed an "occurrence" which resulted in "property damage" or "bodily injury."

   c. Even assuming there was an occurrence, the "damages" incurred by the plaintiffs in *Carland II* are excluded from coverage, based on several policy provisions:

      i. property damage to "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it";

      ii. "property damage" to "your product" arising out of it or any part of it; and

      iii. "property damage" to impaired property or other property that has not been physically injured arising out a defect or inadequacy in the insured's work or product, or a "failure" by the insured to "perform a contract or agreement in accordance with its terms."

6

      iv. the type of damage alleged was intentional in nature (and excluded from coverage), insofar as the allegations state that the "integral curbing" was an intentional (and not accidental) part of the design of the property.

  d. Further, the policy contains a coverage provision (Coverage B) for certain "personal and advertising injury," but the allegations in both lawsuits do not fall within the definition of "personal and advertising injury."

  e. Further, the "breach of contract" and "contractual liability" and "knowing violation of rights of another" exclusions would also preclude coverage for any damages in that regard.

  f. The policy excludes coverage for punitive damages, exemplary damages, or any amount awarded by a court for purposes of "punishment."

29. Insofar as no coverage is afforded under the Policy for the claims asserted in *Carland II*, North Star cannot be obligated to satisfy any judgment which the plaintiffs in that matter might obtain, nor can it be obligated to defend or indemnify any insured, inclusive of Carland Properties, LLC, in that matter.

30. Defendants Cherokee Meadows, LP, Carland Group, LLC, Redbud Contractors, LLC, Blackledge & Associates, Della Shaw, Sherlyne Turner, Bertha Johnson, Mary Bland, and Crafton, Tull & Associates, Inc., are included in the present lawsuit as defendants, as they are parties to *Carland II,* and may have an interest in addressing the coverage issues at issue in this matter.  They are also included for the purpose of ensuring that any judgment entered by this Court is binding on them.

31. An actual and justiciable controversy exists between North Star and the Defendants herein as to whether North Star can be liable under the Policy for any judgment entered in the

underling case (*Carland II*), and/or whether North Star is obligated to defend or indemnify Carland Properties, LLC, in the underlying cases, for the resolution of which controversy the declaratory judgment of this Court is sought herein.

**WHEREFORE,** premises considered, Plaintiff North Star Mutual Insurance Company, Inc. does respectfully pray that this honorable Court issue its declaration that the insurance contract which North Star entered into with Defendant Carland Properties, LLC, affords no coverage to any Defendant for the claims of the plaintiffs in *Carland II*, and for such other and further relief as the Court may deem just and equitable in the premises

Respectfully submitted,

BEST & SHARP

s/ Sean H. McKee
Sean H. McKee, OBA #14277
Matthew B. Free, OBA #18055
Williams Center Tower I
One West Third Street, Suite 900
Tulsa, Oklahoma 74103
Telephone:   (918) 582-1234
Facsimile:    (918) 585-9447
smckee@bestsharp.com
mfree@bestsharp.com
A*ttorneys for Plaintiff,*
*North Star Mutual Insurance Company*